Debtor  **LASHONDRA EVETTE ORUM**

United States Bankruptcy Court for the     **MIDDLE DISTRICT OF TENNESSEE**     ☐ Check if this is an
amended plan

[Bankruptcy district]

Case number: _____

_____

**Chapter 13 Plan**

---

| Part 1: | Notices |
|---|---|

**To Debtor(s):**     **This form sets out options that are appropriate in some cases but not in others. The presence of an option does not indicate that the option is appropriate in your circumstances.**

**To Creditors:**     **Your rights are affected by this plan. Your claim may be reduced, modified, or eliminated.**

If you oppose the treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 5 days before the meeting of creditors or raise an objection on the record at the meeting of creditors. The Bankruptcy Court may confirm this plan without further notice if no timely objection to confirmation is made. In addition, a timely proof of claim must be filed before your claim will be paid under the plan.

**Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If an item is not checked as "Included" or if both boxes are checked, the provision will not be effective if set out later in the plan.**

| 1.1 | **A limit on the amount of a secured claim, set out in § 3.2, which may result in partial payment or no payment to the secured creditor.** | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4.** | ☐ Included | ☑ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 9.** | ☑ Included | ☐ Not Included |

| Part 2: | Plan Payments and Length of Plan |
|---|---|

**2.1 Debtor(s) will make payments to the trustee as follows:**

| Payments made by | Amount of each payment | Frequency of payments | Duration of payments | Method of payment |
|---|---|---|---|---|
| ☑ Debtor 1<br>☐ Debtor 2 | **$499.00** | **bi-weekly** | **60** months | ☑ Debtor will make payment directly to trustee<br>☐ Debtor consents to payroll deduction from: TFS BILLPAY |

Insert additional lines as needed.

**2.2 Income tax refunds.**

*Check one.*

    ☑   Debtor(s) will retain any income tax refunds received during the plan term.

    ☐   Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

    ☐   Debtor(s) will treat income refunds as follows:

_____

_____

**2.3 Additional payments.**

*Check one.*

    ☑   **None.** If "None" is checked, the rest of § 2.3 need not be completed or reproduced.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

Case 3:19-bk-03801   Doc 2   Filed 06/13/19   Entered 06/13/19 17:04:43   Desc Main
Document     Page 1 of 10

**2.4 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.3 is $<u>64,870.00</u>**.

| Part 3: | **Treatment of Secured Claims** |
|---|---|

**3.1 Maintenance of payments and cure of default.** Check one.

☑    **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

**3.2 Request for valuation of security and claim modification.** *Check one.*

☐    **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
     **The remainder of this paragraph will be effective only if the applicable box in§ 1. is checked.**

☑    For each claim listed below, the debtor(s) request that the court determine the value of the creditor's interest in any property securing the claim based on the amount stated in the column headed Value securing claim. If this amount exceeds any allowed claim amount, the claim will be paid in full with interest at the rate stated below. If the amount is less than the allowed claim mount, the claim will be paid the full value securing the claim, with interest at the rate stated below.

The portion of any allowed claim that exceeds the value securing the claim will be treated as an unsecured claim under § 5.1. If the value securing a creditor's claim is listed below as zero or no value, the creditor's allowed claim will be treated entirely as an unsecured claim under § 5.1. The avoidance of any lien because it is not secured by any value must be addressed in Part 9. The mount of a creditor's total claim stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary mount stated below.

The holder of any claim listed below as secured by any value will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Value securing claim | Interest rate | Monthly payment |
|---|---|---|---|---|---|---|---|
| WORLD OMNI FINANCI AL | $19,566. 00 | 2016 TOYOTA CAMRY 75000 miles | $13,150.00 | $0.00 | $13,150. 00 | 5.50% | $255.00 |

Insert additional claims as needed.

**3.3 Secured claims excluded from 11 U.S.C. § 506.** *Check one.*

☐    **None**. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
☑    The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor
    vehicle acquired for the personal use of the debtor(s), or
(2) incurred within 1 year before the petition date and secured by a purchase money security interest in any other
    thing of value.

These claims will be paid in full through the trustee as stated below. The claim amount stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor    **LASHONDRA EVETTE ORUM**                        Case number _____

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment |
|---|---|---|---|---|
| COMPASS BANK | 2017 TOYOTA RAV 4 - (PROTECT CO-SIGNER) | $29,166.00 | 7.20% | $585.00 |
| PROGRESSIVE LEASING | SOFA AND CHAIR | $1,838.00 | 5.50% | $38.00 |

*Insert additional claims as needed.*

**3.4 Lien avoidance**. *Check one.*
> ☑    **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5 Surrender of collateral.** *Check one.*
> ☑    **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

| Part 4: | **Treatment of Priority Claims (including Attorney's Fees and Domestic Support Obligations)** |
|---|---|

**4.1 Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$4,000.00**. The remaining fees and any additional fees that may be awarded shall be paid through the trustee as specified below. Check one.

☐ The attorney for the debtor(s) shall receive a monthly payment of $.

☑ The attorney for the debtor(s) shall receive available funds.

**4.2 Domestic support obligations.**

> **(a) Pre- and postpetition domestic support obligations to be paid in full.** *Check one.*
> ☑    **None.** If "None" is checked, the rest of § 4.2(a) need not be completed or reproduced.

> **(b) Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.** *Check one.*
> ☑    **None.** If "None" is checked, the rest of § 4.2(b) need not be completed or reproduced.

**4.3 Other priority claims.** *Check one.*
> ☑    **None**. If "None" is checked, the rest of § 4.3 need not be completed or reproduced.

| Part 5: | **Treatment of Nonpriority Unsecured Claims and Postpetition Claims** |
|---|---|

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.
☐ The sum of $
☑    **20**  % of the total amount of these claims.
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

☑    **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑    **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**5.4 Separately classified nonpriority unsecured claims.** *Check one.*

☑    **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

**5.5 Postpetition claims allowed under 11 U.S.C. § 1305.**

Claims allowed under 11 U.S.C. § 1305 will be paid in full through the trustee.

| Part 6: | **Executory Contracts and Unexpired Leases** |

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☐    **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.
☑    **Assumed contracts or leases.** Current installment payments will be disbursed by the trustee or directly by the debtor, as specified below. Arrearage payments will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the installment payment and arrearage.

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid |
|---|---|---|---|
| **COLONY HOUSE APARTMENTS** | **APARTMENT LEASE** | **$1,123.00** <br> Disbursed by: <br> ☐ Trustee <br> ☑ Debtor(s) | **$1,422 (JUNE RENT)** |
| **AT&T** | **CELLPHONE** | **$152.00 PER MONTH** | **DISBURSED BY DEBTOR** |

| Part 7: | **Order of Distribution of Available Funds by Trustee** |

**7.1 The trustee will make monthly disbursements of available funds in the order specified. Check one.**
☐ **Regular order of distribution:**

a. Filing fees paid through the trustee

b. Current monthly payments on domestic support obligations

c. Other fixed monthly payments

If available funds in any month are not sufficient to disburse all fixed monthly payments due under the plan, the trustee will allocate available funds in the order specified below or pro rata if no order is specified. If available funds in any month are not sufficient to disburse any current installment payment due under § 3.1, the trustee will withhold the partial payment amount and treat the amount as available funds in the following month.

APPENDIX D                              Chapter 13 Plan                              Page 4

d. Disbursements without fixed monthly payments, except under §§ 5.1 and 5.5

The trustee will make these disbursements in the order specified below or pro rata if no order is specified.

e. Disbursements to nonpriority unsecured claims not separately classified (§ 5.1)

f. Disbursements to claims allowed under § 1305 (§ 5.5)

☑ **Alternative order of distribution:**
CLASS I - FILING FEE
CLASS II - NOTICE FEE
CLASS III - MONTHLY PAYMENTS ON SECURED CLAIMS
CLASS IV - ATTORNEYS FEE
CLASS V - RENT ARREARS
CLASS VI - SUCCESS INCENTIVE
CLASS VII - GENERAL UNSECURED CLAIMS

| Part 8: | **Vesting of Property of the Estate** |
|---|---|

**8.1 Property of the estate will vest in the debtor(s) upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is selected below. Check the applicable box to select an alternative vesting date:**
*Check the appliable box:*
☐    plan confirmation.
☑    other:  UPON DISCHARGE _____

| Part 9: | **Nonstandard Plan Provisions** |
|---|---|

☐    The Debtor shall be permitted to pay her Federal Student Loan(s)/U.S. Department of Education Loans outside of the plan.  The student loan claim(s) shall be allowed, however, claimant shall not receive any distributions by the Chapter 13 Trustee under the confirmed plan.  The Debtor  shall not be entitled to discharge in whole or in part of any student loans. The Debtor, is currently in an Income-Dependent Repayment Program ("IDRP").  The Debtor shall continue to pay her Federal Student Loan(s)/U.S. Department of Education Loans pursuant to the IDRP separately and outside of the Plan without disqualification due to the bankruptcy.  Federal Student Loan(s)/U.S. Department of Education Loans shall not place the student loans into a deferment or forbearance because of the filing of the Chapter 13 bankruptcy case.  For so long as the student loans are paid outside of the plan, it shall not be a violation of 11 U.S.C. 362 or any other applicable law or regulation for the Federal Student Loan(s)/U.S. Department of Education Loans to communicate directly with the Debtor by mail, telephone or email. In the event that a different IDRP is offered by Federal Student Loan(s)/U.S. Department of Education Loans, which offers more favorable repayment options, the Debtor  shall be permitted to seek participation in such IDRP without disqualification due to this bankruptcy and without further permission of the court. Debtor may recertify under the applicable IDRP annually or as otherwise required and shall within thirty (30) days following a determination of her monthly payment due pursuant to such recertification file an amended budget to reflect such change.  Federal Student Loan(s)/U.S. Department of Education Loans shall not be required to enroll Debtor(s) in any IDRP unless Debtor(s) otherwise qualifies for such IDRP.

| Part 10: | **Signatures:** |
|---|---|

X  **/s/ MICHELLE THOMAS-SMITH**                    Date  **June  4, 2019**
   **MICHELLE THOMAS-SMITH**
**Signature of Attorney for Debtor(s)**

X  _____                    Date  _____

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor    **LASHONDRA EVETTE ORUM** _____     Case number   _____

X _____     Date  _____

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

**By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the form required under the Local Rules for the Bankruptcy Court for the Middle District of Tennessee, other than any nonstandard provisions included in Part 9.**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

## <u>RIGHTS AND RESPONSIBILITIES OF CHAPTER 13 CLIENTS AND ATTORNEYS</u>

It is important for clients who file a bankruptcy case under Chapter 13 to understand their rights and responsibilities. It is also important that the clients know what their attorney's responsibilities are, and understand the importance of communicating with their attorney to make the case successful. Clients should also know that they may expect certain services to be performed by their attorney. The below guidelines provided by the Court are hereby agreed to by the clients and their attorneys.

## **CLIENT**

The attorney and client acknowledge that they have discussed the obligation of the client to:

**Before the case is filed:**

1.      Provide the attorney with complete and accurate financial information, including all debts owed, all property owned, an accurate, current and projected budget, copies of all required tax returns or transcripts from the IRS, and 6 months of pay stubs.

2.      Inform the attorney of any prior bankruptcies and the outcome of those proceedings.

3.      Discuss with the attorney the client's reasons and objectives for filing the case.

4.      Review the complete bankruptcy petition (including all schedules and statements) upon its receipt and promptly advise the attorney of any errors, omissions, or changes which need to be made.

**After the case is filed:**

1.      Pay the Trustee within 30 days of filing.

2.      Keep the trustee and attorney informed of the client's address, telephone number and employment.

3.      Inform the attorney of any wage garnishment or attachment of assets which occurs or continues after the case is filed.

4.      Review the Confirmation Order when received, and advise the attorney if the client has questions about which creditors are being paid and how much or if the client has questions about anything the debtor must do.

5.      Review the Trustee's Notice of Intent to Pay Claims when received, and advise the attorney of any filed claim that appears to be improper or excessive, or any creditor who has not filed a proof of claim but the client wants to make sure is paid.

6.      Insure all property of the estate, including maintaining liability, collision, and comprehensive insurance on vehicles securing loans or leases.

7.      Contact the attorney promptly if the client loses his/her job, becomes ill, experiences a budget change, or is otherwise unable to make plan payments.

8.      Inform the attorney if any tax refunds the client is entitled to are seized or not returned to he client by the IRS.

9.      Provide the documentation/information requested by attorney for the attorney to file necessary post-petition motions (tax returns, pay stubs, amended budget).

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

10.     Contact the attorney before buying, refinancing, or selling real property or a motor vehicle r before entering into any loan agreements to find out what approvals are required, including retaining a real estate agent or listing property for sale.

11.     Contact the attorney if the debtor receives an inheritance.

12.     Contact the attorney if the client is sued during the case.

13.     Contact the attorney if the client has any potential lawsuits against another person or company after the bankruptcy is filed.

14.     Attend a financial management workshop no later than the due date of the last scheduled plan payment.

15.     Open and read all mail from the attorney, Trustee, or Bankruptcy Court.

## ATTORNEY

The attorney has agreed to accept a flat fee of $**4,250.00** for all aspects of the bankruptcy case except for services excluded from the flat fee (described below). For some of the excluded services, the attorney has agreed to limit the fees to amounts set by the Bankruptcy Court for the specific services. For the remaining excluded services, the attorney may request additional fees on an hourly basis in accordance with the agreement between the attorney and the client.

Fees shall be paid by the Trustee through the plan unless otherwise ordered. The attorney may not receive fees directly from the client other than the initial retainer, unless paid by a third party, in which event such payment must be fully disclosed to the Bankruptcy Court. Any fee must be agreed upon by the client and the attorney, and approved by the court.

**Services included in the flat fee.** The services the attorney agrees to provide for the flat fee include:

1.     Meet with the client to review the client's debts, assets, liabilities, income, and expenses. Request appropriate financial information, including credit reports and information on any mortgage debt or support obligation.

2.     Conduct necessary due diligence regarding any prior bankruptcies involving the client.

3.     Counsel the client regarding the advisability of filing a bankruptcy and whether filing either a Chapter 7 or Chapter 13 case would assist in meeting the client's objectives; discuss procedures in both Chapter 7 and Chapter 13 with the client, and answer the client's questions.

4.     Explain what payments will be made directly by the client and what payments will be made through the client's Chapter 13 plan.

5.     Explain to the client how, when, and where to make the Chapter 13 plan payments, including advising the client that the first plan payment must be made to the Trustee no later than 30 days after the case is filed.

6.     Explain to the client how the attorney's fees and trustee's fees are paid, providing a signed copy of the contract between the client and the attorney and a copy of this Rights and Responsibilities to the debtor.

7.     Advise the client of the requirement to attend the 341 Meeting of Creditors, arriving early, and instruct the client as to the date, time, and place of the meeting. Advise the client to bring a copy of the petition and the schedules and statements to the Meeting.

8.     Advise the client of the necessity of maintaining liability, collision, and comprehensive insurance on vehicles securing loans or leases and advise the client of the duty to insure all property of the estate.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

9.      Timely prepare and file the client's petition, plan, statements, and schedules.

10.     Ensure that if the plan includes a motion to void liens, that the collateral is identified and an exemption is claimed.

11.     Ensure proper notice and service of the plan.

12.     Appear at the 341 Meeting of Creditors with the client.

13.     Review all documents filed in the case and all communications concerning the case.

14.     Respond to objections to plan confirmation and, where necessary, prepare an amended plan, and appear at the confirmation hearing.

15.     Explain that a plan may be modified after confirmation and, where needed, prepare, file, and serve necessary modifications to the plan which may include suspending, lowering, or increasing plan payments.

16.     Prepare, file, and serve necessary amended statements and schedules in accordance with information provided by the client.

17.     Review the confirmation order and the Trustee's notice of intent to pay claims.

18.     If necessary, object to improper or invalid claims based upon information provided by the client.

19.     File claims for creditors when the client's goals and interests are served by such filing.

20.     Respond to client communications, advising the client of the best and most efficient means of communications.

21.     File notice of change of employment/change of address.

22.     Represent the client in connection with all motions filed in the bankruptcy case, other than those listed in the excluded services below.

23.     Where appropriate, prepare, file, and serve necessary motions to avoid liens on real or personal property.

**Additional services requiring additional limited fees.** The following services are not included in the flat fee, but the attorney has agreed to provide these services, when necessary and appropriate for the case, for additional compensation based on a fee schedule approved by the Court. The maximum additional fee for work performed in connection with obtaining the necessary Court approval for certain activities is indicated below:

1.      Mortgage loan modification of the claim secured by the debtor's principal residence – up to $500

2.      Substitution of collateral – up to $400.

3.      Retention of a realtor, auctioneer or other professional relating to the sale of property or representing the interests of the estate – up to $200

4.      Sale of property and disposition of the proceeds, resulting in the closing of such sale and the filing of any necessary report of the sale – up to $300.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                          Best Case Bankruptcy

5.      Retention of special counsel relating to collecting or pursuing a cause of action in a different judicial forum and that results in the filing of a motion and order authorizing the approval of a settlement of such litigation – up to $300.

**Additional services on an hourly basis.** The following services are not included in the flat fee and are not covered by any specific cap on fee, but the attorney has agreed to provide these services, when necessary and appropriate for the case, but may charge an hourly rate for the work performed – subject to Court approval:

1.      Motions for sanctions or contempt.

2.      Representation at a Rule 2004 examination.

**Services the attorney has not agreed to provide.** The attorney has not agreed to represent the client in any adversary proceeding or certain contested matters placed on an "adversary track" by order of the Court, unless the details of such separate litigation representation are spelled out in an addendum to this agreement or in a separate supplemental contract. The client will be fully apprised of any such anticipated litigation that would not be covered by this agreement.

Effective Date: **June 13, 2019**

DEBTOR LAW FIRM NAME                   **/s/ LASHONDRA EVETTE ORUM**
**HOPE LAW OFFICE**                           **LASHONDRA EVETTE ORUM**
                                        CLIENT
By:   **/s/ MICHELLE THOMAS-SMITH**
      **MICHELLE THOMAS-SMITH**                   CLIENT *(if joint)*

| The best way to reach the attorney is: | The best way to reach the client(s) is: |
|---|---|
| hopelawoffice@gmail.com | lashondrao@yahoo.com |
| The best time to call the attorney is: | The best time to call the client(s) is: |
| 4-5 pm | anytime |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                         Best Case Bankruptcy

Case 3:19-bk-03801    Doc 2    Filed 06/13/19    Entered 06/13/19 17:04:43    Desc Main
Document    Page 10 of 10